UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20185-CR-SEITZ

UNITED STATES OF AMERICA,

v.

GERARDLIN PAULEUS,
_____/

## ORDER AFFIRMING REPORT AND RECOMMENDATION

This matter came before the Court on the Report and Recommendation (R&R) of Magistrate Judge O'Sullivan [DE 44], recommending that Defendant's Motion to Suppress Statements and Incorporated Memorandum of Law and Request for an Evidentiary Hearing [DE 33], and Defendant's Motion to Suppress Evidence and Incorporated Memorandum of Law and Request for an Evidentiary Hearing [DE 34] be denied. The Court has reviewed the R&R, the Defendant's objections and the transcript of the hearing held before Magistrate Judge O'Sullivan on August 5, 2008. The Government did not file a response to Defendant's objections. Based on this review, the Court will affirm the R&R and adopt the recommendations because the Court finds that the Magistrate Judge's factual findings are not clearly erroneous and he correctly applied the law to the facts.

Defendant asserts three objections. First, Defendant objects to the Magistrate Judge's finding that Miami-Dade Police Officer Brad Burke was more credible than Ms. Starlavon Hayes, the mother of Defendant's daughter. Credibility determinations are within the province of the finder of fact because the fact finder has personally observed the testimony, assessing the witness' candor and demeanor on the stand, and, thus, is in a better position to decide credibility issues in conflicting testimony. *United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002). Where the testimonies of witnesses are in direct conflict, as in this case, the fact finder's judgment as to whom to believe is conclusive unless the fact finder credits "*exceedingly* improbable testimony" (emphasis in the original). *Id.* Having reviewed the hearing transcript, the Court will not disturb the Magistrate Judge's credibility

determinations. It is undisputed that Ms. Hayes had an interest in the outcome of the hearing. She testified that: (1) she did not want any harm to come to the Defendant; (2) he is the father to her daughter; (3) on the night of the arrest she was so concerned about the Defendant being taken to jail, she became involved in an verbal dispute with Officer Burke; (4) she spoke with the Defendant after he was in jail and had seen the arrest form describing the altered tag; and (5) the sole purpose of her testimony was to rebut the officer's testimony as to the tag's contents, which was part of the basis for probable cause. Yet, as the Magistrate Judge noted, although Ms. Hayes testified that for a month prior to the arrest, she had looked closely at the tag, had driven the car herself, and that she wanted to "know what's going on" before entering another person's vehicle, she did not know who owned the vehicle the defendant had been driving for a month. The defendant has failed to demonstrate why the trial court's credibility conclusion is clearly erroneous. Moreover, based solely on the written transcript, crediting Ms. Lyons' testimony would have meant that the Magistrate Judge credited improbable testimony. Thus, the first objection is overruled.

Defendant Pauleus also objects to the finding that there was probable cause to stop his vehicle. This objection is based simply on the officer's failure to confiscate the temporary tag. Defendant raised this argument before the Magistrate Judge, who found it without merit based on *United States v. Tomaszewski*, 833 F.2d 1532, 1535 (11th Cir. 1987). The Magistrate Judge has accurately applied the law to the facts, and therefore, the second objection is overruled.

For his third objection, Defendant disputes the finding that the officer's actions and statement did not amount to a functional equivalent of custodial interrogation of a defendant who was not properly *"Mirandized."* The actions and statement at issue are as follows. Upon retrieving the narcotics from the car Defendant had been driving, the officer held them up for the Defendant to see. The Defendant was seated in hand-cuffs on the front bumper of the police car, which was immediately behind the car the Defendant had been driving. The officer then said: "I found it. I found what you were hiding." In

challenging the finding that the officer's "words and actions were not intended, or likely, to elicit an incriminating response from the defendant," the Defendant maintains that the Magistrate Judge should have relied on *Brewer v. Williams*, 430 U.S. 387 (1977) rather than *United States v. McKenzie*, 132 Fed. Appx. 788, 790 (11th Cir. 2005).

The legal issue and facts in *Brewer* are quite distinguishable from the facts in this case. The issue in *Brewer* was whether the defendant had been denied his right to counsel, where there was a clear agreement, before two police officers transported the very religious defendant with a history of mental illness, that he would not be questioned except in the presence of his counsel, an agreement that the defendant knew and reaffirmed, yet during the 160 mile drive, the lead police officer said to the defendant words to the effect that: you are the only one who knows where the body is, and who could allow the parents to have a Christian burial for their 10-year old daughter who was snatched away from them on Christmas Eve. The *Brewer* defendant lead the police to the body and his statements were introduced during his trial. The Supreme Court held that the statements should not have been admitted as the record fell short of the State's burden to prove an intentional relinquishment of abandonment of the right to counsel. Even if the issue in *Brewer* had been the "equivalent of custodial interrogation" issue in *Rhode Island v. Innis*, 446 U.S. 291 (1980), the *Brewer* record clearly showed that the police knew the defendant would be susceptible to a "Christian burial" appeal that would likely elicit an incriminating response. Here, the evidence is that the officer merely showed and stated what he had discovered and did not ask the Defendant questions about the seized narcotics. Thus, the facts in this case are more similar to those in *Innis* in which the Supreme Court held that to find police statements to be the "functional equivalent" of questioning, even if there is subtle compulsion, there must be evidence that the police should have known that their words and actions were reasonably likely to elicit an incriminating response. There is no such evidence in this case. Therefore, the third objection must also be overruled.

For the stated reasons, the Court will overrule the three objections and adopt the well-stated recommended findings of fact and conclusions of law. Therefore, it is

ORDERED that:

(1)　Defendant's Objections are OVERRULED.

(2)　The Report and Recommendations [DE 44] is AFFIRMED, ADOPTED and made an ORDER of this Court.

(3)　Defendant's Motion to Suppress Statements [DE 33] is DENIED.

(4)　Defendant's Motion to Suppress Evidence [DE 34] is DENIED.

DONE AND ORDERED in Miami, Florida this 26th day of August, 2008.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

Copies to:

The Honorable John O'Sullivan
Counsel of Record